**In re Anonymous No. 148 D.B. 94**

Disciplinary Board Docket no. 148 D.B. 94.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

RUDNITSKY, *Member,* April 23, 1996—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

By letter of petitioner, Office of Disciplinary Counsel, dated July 7, 1994, respondent, [    ], was advised of a complaint filed against him alleging a violation of Rule of Professional Conduct 8.4(b). The basis of this complaint was respondent's conviction in the [    ] County Court of Common Pleas of the summary offense

of harassment. By letter of December 30, 1994, respondent was advised that after investigation of the complaint, it was determined that he should receive an informal admonition. By letter dated December 30, 1994, respondent informed petitioner that he did not want to receive the informal admonition but instead requested that formal proceedings be initiated.

On February 7, 1995, petitioner filed a petition for discipline against respondent. Respondent filed an answer on February 15, 1995. A hearing on this matter was held on May 5, 1995 before Hearing Committee [ ] comprised of Chairperson [ ], Esquire, and Members [ ], Esquire, and [ ], Esquire. Respondent did not appear nor did he have representation. An interim report was filed on July 13, 1995 recommending a 180-day suspension, to be stayed for 30 days, within which respondent had the opportunity to voluntarily submit to psychiatric evaluation. A final hearing was directed to be scheduled within 30 days of receipt of the psychiatric report or within 60 days of the interim report. A continued disciplinary hearing was held on November 8, 1995. Respondent did not appear nor did he have representation. The committee filed its report on December 11, 1995, and recommended a one year and one day suspension. Respondent filed a letter-brief on December 26, 1995.

This matter was adjudicated by the Disciplinary Board at the meeting held on February 1, 1996.

## II. FINDINGS OF FACT

(1) Petitioner, whose principal office is located at Suite 3710, One Oxford Centre, Pittsburgh, Pennsylvania, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and the duty to investigate all matters involving

alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent, [   ] Esquire, was born in 1935, was admitted to practice law in the Commonwealth of Pennsylvania in 1979, and his address is [   ]. Respondent is subject to the disciplinary jurisdiction of the Disciplinary Board of the Supreme Court. (N.T. 21-22, 40.)

(3) In July 1993, respondent approached a 16-year-old female lifeguard at the [A] Township Community Pool, showed her a picture of a clothed Playboy Playmate and told the lifeguard she was pretty enough to be a Playboy Bunny, or words to similar effect. (N.T. 14, 28-29.)

(4) [B], the assistant pool manager at the [A] Township Community Pool, learned of respondent's conversation with the lifeguard. She telephoned the [A] Township Police, and a police officer came to the pool. The police officer spoke to respondent about the incident and respondent later voluntarily left the pool premises. (N.T. 28-31.)

(5) Thereafter, in July and August 1993, respondent engaged in a course of conduct of sending at least 300 to 400 letters to [B], [A] Township officials, law enforcement officials, newspapers, and others stating, among other things, that [B] was incompetent and should be fired as assistant pool manager. Similar letters were also placed on about 117 cars parked in the pool parking lot. (N.T. 15-16, 31-32; P.E. 6.)

(6) Many of the letters had a letterhead identifying respondent as an "Attorney at Law." (N.T. 15, 18, 35; P.E. 6.)

(7) On August 17, 1993, Detective Sergeant [C], of the [A] Township Police Department, filed a complaint with District Justice [D] (at N.T. 266-93), charging respondent with the criminal offense of harassment and stalking, in violation of 18 Pa.C.S. §2709. (N.T. 14-15, 26; P.E. 4.)

(8) In September 1993, a hearing was held before District Justice [D] regarding the complaint filed against respondent. Respondent was present at the hearing. (N.T. 16-17, 32.)

(9) After testimony was taken, District Justice [D] made no decision, but continued the case for three months with the understanding that if respondent did not continue his conduct the charge would be dismissed. (N.T. 17, 27, 32.)

(10) Respondent then continued his course of conduct of sending letters about [B] and township employees and, in fact, respondent's letter writing increased. (N.T. 17, 27, 33.)

(11) On December 14, 1993, District Justice [D] reconvened the hearing regarding the complaint filed against respondent. Respondent was present at the hearing. (N.T. 17, 33; P.E. 4.)

(12) After a hearing, respondent was found guilty of the offense of harassment by District Justice [D]. Respondent was fined $300 and ordered to pay court costs of $75. (N.T. 17, 33; P.E. 4.)

(13) Respondent filed a timely appeal of the conviction to the [    ] County Court of Common Pleas, which was docketed at no. [    ] of 1993. (N.T. 17, 33; P.E. 3.)

(14) On May 9, 1994, after a hearing, a judge found respondent guilty of the offense of harassment. He was sentenced to pay a fine of $300 and pay court costs.

Respondent did not appear for the hearing. (N.T. 17-18, 33-34; P.E. 5.)

(15) Respondent's conviction of the summary offense of harassment is conclusive proof that respondent committed that crime. (P.E. 2; P.E. 3; P.E. 4; P.E. 5.)

(16) As of May 5, 1995, the date of the disciplinary hearing, and as of November 8, 1995, the date of the reconvened hearing, respondent was still sending letters to various offices of [A] Township. (N.T. 27, 34.)

(17) It had been determined by prior reviewing authorities that respondent's conduct violated Rule of Professional Conduct 8.4(b) and that a summary informal admonition should be imposed. However, respondent appealed that decision and requested this disciplinary proceeding. (P.E. 7; P.E. 8.)

(18) Respondent received notice of the pre-hearing conference, the disciplinary hearing, and the reconvened hearing, but has chosen not to appear. (P.E. 1; P.E. 9; P.E. 10; P.E. 11.)

## III. CONCLUSIONS OF LAW

By his conduct as set forth in the above findings of fact, respondent has violated the following Rule of Professional Conduct:

(1) R.P.C. 8.4(b)—It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

## IV. DISCUSSION

This matter is before the board upon a petition for discipline charging respondent with violation of Rule of Professional Conduct 8.4(b). Petitioner presented evidence at the hearing that respondent was convicted of

the summary offense of harassment due to his course of conduct toward the assistant pool manager at the [A] Township Community Pool. This conduct included sending hundreds of letters stating, among other things, that the manager was incompetent and should be fired. Respondent did not appear at the disciplinary hearings but sent numerous letters indicating his displeasure with the proceedings. Based on the record, the board concludes that petitioner established by clear and convincing evidence that respondent violated Rule 8.4(b) by engaging in conduct that reflects adversely on respondent's fitness as a lawyer.

The dispositive issue before the board is the measure of discipline to be imposed as a result of this misconduct. The board must consider all mitigating and aggravating circumstances present when evaluating this case.

The underlying misconduct engaged in by respondent is not a grave offense; however, respondent's failure to appear at the hearing constitutes a serious aggravating factor. *In re Anonymous No. 101 D.B. 92,* 23 D.&C.4th 168 (1994). Prior case law addressing an attorney's failure to appear for disciplinary proceedings, while confirming that such behavior aggravates the sanction imposed, may be distinguished from the instant case because the underlying misconduct in those prior cases was more serious than in the instant situation. The cases involved attorneys who engaged in patterns of neglect, misrepresentation, and misappropriation of client funds. The aggravating factor of nonappearance stacked on top of the misconduct led to disbarment or a long suspension. See *In re Anonymous No. 101 D.B. 92, supra; In re Anonymous No. 42 D.B. 92,* 19 D.&C.4th 114 (1993); *In re Anonymous No. 34 D.B. 91,* 15 D.&C.4th 495 (1992); and *In re Anonymous No. 50 D.B. 88,* 11 D.&C.4th 463 (1990). In the present situation the

underlying misconduct of conviction of a summary offense would normally warrant some type of private discipline. Indeed, after Office of Disciplinary Counsel's initial investigation, an informal admonition was determined. However, respondent refused to accept it and demanded that formal proceedings be initiated.

Respondent's offense in conjunction with his failure to appear leads the board to conclude that a suspension is warranted. The purpose of the disciplinary system is to assess the fitness of the lawyer and to protect the public. *Office of Disciplinary Counsel v. Duffield,* 537 Pa. 485, 644 A.2d 1186 (1994). Throughout the course of these proceedings, respondent was presented with opportunities to act professionally and responsibly to explain himself and to help resolve the matter. Respondent failed to take advantage of these opportunities and has demonstrated his inability to comprehend the seriousness of the situation. The Hearing Committee and the board were not given the opportunity to assess respondent's fitness due to his failure to appear. The board is constrained to recommend a suspension of one year and one day so that respondent will be required to petition for reinstatement and demonstrate his fitness if he wishes to practice again. At present, lacking any basis to form a judgment that respondent is fit to practice, in order to protect the public the board recommends a suspension of one year and one day.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania recommends that the respondent, [　], be suspended for a period of one year and one day.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

Board Members Powell and Saltz recused themselves.

Board Member Lieber did not participate in the February 1, 1996 adjudication.

### ORDER

And now, May 30, 1996, the notice of appeal, brief and supplementary brief are stricken from the record and, upon consideration of the report and recommendations of the Disciplinary Board dated April 23, 1996, it is hereby ordered that [respondent] be and he is suspended from the bar of this Commonwealth for a period of one year and one day, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.